ALBERT S. WOODWORTH *vs.* GEORGE S. BAKER *et al.*

JANUARY 14, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Guardians ad litem.   Admissions Prejudicial to Infant.*

A guardian *ad litem*, has no power or authority to make an admission prejudicial to the infant nor can he waive any of the substantial rights of the infant, but full proof of all facts which do not clearly appear to the court as advantageous to the infant must be established by proper testimony.

*(2)   Evidence.   Depositions.   Notice.*

On bill in equity for construction of will, on issue as to whether an omission to provide in the will was intentional, a deposition of the draftsman of the will, taken for use in the trial of an appeal involving the admission to probate of the will, and in which appeal a party in instant case, was not a party, is not admissible as against such party, who had no notice of the taking of the deposition.

BILL IN EQUITY FOR CONSTRUCTION OF WILL.   Remanded as improperly certified.

SWEENEY, J.   This is a bill in equity brought in the Superior Court for the construction of the will of Leverett S. Woodworth.   The cause has been certified to this court as being "ready for final decree" under authority of §(4968) Gen. Laws 1923.

The cause has been prematurely certified to this court as it is not ready for hearing for final decree.

It appears in the amended bill that Leverett S. Woodworth died January 27, 1921, leaving a will which was duly admitted to probate in this State; that the testator omitted to provide in his will for his son Clarence F. Woodworth and his granddaughter, Mary C. Woodworth, the daughter of a deceased son.   It is alleged that the omission from the will of said son and granddaughter was intentional and not occasioned by accident or mistake and the prayer of the bill is for the entry of a decree making such a finding.   The son and granddaughter are made respondents and are alleged to be non-residents.   Notice of the pendency of the bill was given to them by publication.   Clarence F. Woodworth

has not entered an appearance nor answered said bill. The granddaughter is alleged to be a minor. The Superior Court appointed a guardian *ad litem* to protect her rights. The guardian *ad litem* filed an answer admitting that the testator intentionally omitted from his will any provision for his granddaughter; that she has no interest or right under said will in his estate, and that the complainant is entitled to receive the entire balance thereof as sole residuary legatee under said will. The day after this answer was filed complainant caused a decree *pro confesso* to be entered against said minor and Clarence F. Woodworth because neither of them had entered an appearance nor filed an answer, plea or demurrer. The entry of this decree was erroneous so far as it related to the minor as her answer was then on file. November 26, 1926, decree was entered certifying the cause to this court.

The main issue presented by the bill is whether the testator's omission to provide in his will for his son and granddaughter was intentional and not occasioned by accident or mistake. The guardian *ad litem* of the minor admitted (1) in his answer that the omission was intentional. He had no power or authority to make such an admission. He could not waive any of the substantial rights of the infant or consent to anything which might be prejudicial to her. 31 C. J. 1143. In *Greene* v. *Mabey*, 35 R. I. 11, we held that a guardian *ad litem* could not lawfully enter into an agreement stating facts upon which the decision of the court and its decrees must be based, and that full proof of all facts which did not clearly appear to the court as advantageous (2) to the infant must be established by proper testimony.

To prove that the omission to provide in the will for the son and granddaughter was intentional, complainant has introduced a deposition of the draftsman of the will, taken in Ohio in 1922. The deposition was taken for use in the Superior Court in this State in the trial of an appeal involving the admission to probate of said will. Said son, Clarence

F. Woodworth, was appellant in said probate appeal but said Mary C. Woodworth was not a party thereto.

Said deposition is not admissible in this cause against Mary C. Woodworth because she had no notice of the taking of the deposition—§ (5010) Gen. Laws 1923; *Stern & Sons, Inc.* v. *Chagnon*, 39 R. I. 567—and had no opportunity to cross-examine the deponent. *Lyon* v. *R. I. Co.*, 38 R. I. 252; 22 C. J. 431.

As the proper answer has not been filed by the guardian *ad litem* to protect the rights of his ward, nor any testimony taken to prove that the omission to provide for her in the will was intentional and not occasioned by accident or mistake, the cause is not ready for hearing for final decree in this court.

The cause is remanded to the Superior Court for further proceedings.

*Nathan W. Littlefield*, for complainant.
*Adolph Gorman*, for respondent.